IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD E. WILSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2405 |
| | : | |
| **TOM WOLFE,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                         **JUNE 19, 2019**

Plaintiff Ronald E. Wilson, a pretrial detainee incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") who is representing himself (proceeding *pro se*), brings this civil action pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement. He named as Defendants Governor Tom Wolf (misspelled Tom Wolfe), Commissioner of the Philadelphia Prison System Blanche Carney (misspelled Blanch Carney), and Warden John Delaney. Wilson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

I.   **FACTS**

Wilson alleges that since November of 2018 he has been housed in a multi-purpose room that at one point held a total of four people. He alleges that there is no electricity in the room, no locks on the door, and no window, but he also alleges that the lights are on all night. Wilson claims that there is insufficient ventilation, a "very high bed," and that eating takes place three feet from a toilet. (Compl. at 6.)[1] Wilson contends that his vision is bad from the lighting, he is experiencing an eating disorder from having to eat near the toilet, he has back problems from

---

[1] The Court adopts the pagination assigned to Wilson's Complaint by the CM-ECF system.

1

"climbing in a high bed," and that he is experiencing breathing problems from bad ventilation. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Wilson leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action.[2] As Wilson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Wilson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

---

[2] However, as Wilson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Id.* at 319.

Wilson's Complaint does not state a claim against the named Defendants. He has not articulated how any of the Defendants are responsible for the conditions he challenges, whether through their personal involvement or their maintenance of a policy or practice that led to the claimed constitutional violations. He has also failed to allege that any of the named Defendants acted with deliberate indifference. It is particularly unclear how Governor Wolf would bear responsibility for the conditions at a local prison. Accordingly, the Court will dismiss the Complaint as pled because it does not allege a plausible basis for a claim against the Defendants.[3]

---

[3] Furthermore, courts have held that the practice of requiring pretrial detainees to eat in a cell containing a toilet does not violate the constitution. *See Detainees of Brooklyn House of Det. for Men v. Malcolm*, 520 F.2d 392, 396 n.3 (2d Cir. 1975) ("The discomfort of eating in a cell is not,

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Wilson's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Wilson will be given leave to file an amended complaint in the event he can state a claim against an appropriate defendant or defendants based on the conditions of his confinement. An appropriate Order follows.

**BY THE COURT:**

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**

---

of itself, an unconstitutional hardship."); *Randall v. Cnty. of Berks*, No. CV 14-5091, 2015 WL 5027542, at *15 (E.D. Pa. Aug. 24, 2015) ("[S]erving a pretrial detainee meals in a cell that can be eaten at his desk, even if the cell has a toilet, does not violate the Due Process Clause of the Fourteenth Amendment."); *Caldwell v. Cabarrus Cnty. Jail*, No. 1:12CV586, 2012 WL 2366451, at *2 (M.D.N.C. June 21, 2012) ("[H]aving to eat in a cell with an unflushed toilet" does not violate the constitution), *report and recommendation adopted*, No. 1:12CV586, 2013 WL 1344452 (M.D.N.C. Apr. 2, 2013); *Mestre v. Wagner*, Civ. A. No. 11-2191, 2012 WL 299652, at *4 & *4 n.4 (E.D. Pa. Feb. 1, 2012) ("[A]s other courts have held, we conclude that serving a pretrial detainee meals in a cell that has a toilet does not violate the Due Process Clause of the Fourteenth Amendment."); *Kinser v. Cty. of San Bernardino*, No. ED CV 11-0718-RGK, 2011 WL 4801899, at *4 (C.D. Cal. Aug. 25, 2011), (plaintiff's allegation that "she has been confined to her cell more than 22 hours a day and that she has had to eat all her meals in her cell in close proximity to her toilet" did not state a Fourteenth Amendment claim), *report and recommendation adopted*, No. CV 11-0718-RGK PJW, 2011 WL 4802850 (C.D. Cal. Oct. 11, 2011).