IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. WILSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2405 |
| | : | |
| TOM WOLFE, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                        **OCTOBER 23, 2019**

      Plaintiff Ronald E. Wilson, a pretrial detainee incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") who is representing himself (proceeding *pro se*), brings this civil action pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement. He named as Defendants Governor Tom Wolf (misspelled Tom Wolfe), Commissioner of the Philadelphia Prison System Blanche Carney (misspelled Blanch Carney), and Warden John Delaney. In a Memorandum and Order entered on the docket June 20, 2019, the Court granted Wilson leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend. (ECF Nos. 5 & 6.) In an Order entered on the docket August 1, 2019, the Court dismissed this case for failure to prosecute because Wilson failed to file an Amended Complaint in accordance with the Court's prior Order. (ECF No. 7.)

      On August 20, 2019, the Court received an Amended Complaint submitted by Mr. Wilson. Wilson has not provided an explanation for the delay in his filing. Nevertheless, as it now appears that Wilson intends to prosecute this case, the Court will vacate its dismissal order and consider Wilson's Amended Complaint. However, as the Amended Complaint fails to state

1

a claim, the Court will dismiss this case without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  FACTS AND PROCEDURAL HISTORY

In his initial Complaint, Mr. Wilson alleged that since November of 2018 he has been housed in a multi-purpose room that at one point held a total of four people. He alleged that there was no electricity in the room, no locks on the door, and no window, but he also alleged that the lights are on all night. Wilson claimed that there was insufficient ventilation, a "very high bed," and that eating takes place three feet from a toilet. (Compl. at 6.)[1] Wilson contended that he was suffering physical consequences from the conditions of his confinement.

As noted above, the Court dismissed Wilson's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court explained that Wilson failed to allege how any of the Defendants were responsible for the challenged conditions. The Court also noted that that the practice of requiring pretrial detainees to eat in a cell containing a toilet does not amount to a constitutional violation. Wilson was given leave to amend with instructions that, in drafting any amended complaint, he should be mindful of the Court's reasons for dismissing his claims.

Wilson's Amended Complaint again names Wolf, Carney, and Delaney as Defendants. Wilson raises almost no factual allegations. The basis for his claims is an allegation that he was housed in "unsafe conditions" in a multipurpose cell from November 2018 through March 2019. (Am. Compl. at 3 & 5.) Wilson does not elaborate on those conditions or describe any injuries suffered as a result of those conditions. He seeks damages in the amount of $250,000.

---

[1] The Court adopts the pagination assigned to Wilson's pleadings by the CM-ECF system.

## II. STANDARD OF REVIEW

As Wilson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Wilson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences,

3

established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*.

Wilson's Amended Complaint does not state a claim. He has not described in sufficient detail any of the conditions to which he was subjected. His conclusory allegation that the conditions are "unsafe" does not plausibly set forth a basis for a constitutional violation. Wilson has also failed to explain how any of the named Defendants were involved in the violation of his rights. As to Governor Wolf, amendment would be futile. As to Defendants Carney and Delaney, it remains possible that Plaintiff might be able to plead that one or more conditions were the result of decisions in which they personally participated.

## IV. CONCLUSION

For the foregoing reasons, the Court will vacate its dismissal order to consider Wilson's Amended Complaint and dismiss the Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows, dismissing the claims against Governor Wolf with prejudice and the claims against Defendants Carney and Delaney without prejudice.

**BY THE COURT:**

　　　/s/ Gerald Austin McHugh　　　
**United States District Judge**